UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| CHARLES A. BRADSHAW | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 13-CV-3048 |
| | ) | |
| DENE LAMBKIN HYUNDAI, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

Plaintiff, Charles A. Bradshaw, filed his Complaint (#1) on February 20, 2013, alleging that Defendant, Dene Lambkin Hyundai, terminated his employment due to his race, disability, and for other discriminatory reasons. Defendant filed an answer on November 27, 2013, denying ever having discriminated against Plaintiff. On April 21, 2014, Defendant filed a Motion for Summary Judgment (#22). Plaintiff's response was due by May 15, 2014. As of the date of this opinion, Plaintiff has not filed a response. This court has carefully reviewed the arguments in Defendant's motion and the documents submitted. For the following reasons, Defendant's Motion for Summary Judgment (#22) is GRANTED.

## BACKGROUND

On February 20, 2013, Plaintiff filed a Complaint (#1), alleging that Defendant had discriminated against him by terminating his employment based on his race and disability. Specifically, Plaintiff claimed that his supervisor, Scott Davis, called Plaintiff an alcoholic and "washboy" behind his back. Plaintiff claims that these terms are derogatory because he is black. Plaintiff also alleges that Davis admitted to other employees that he did not like Plaintiff.

1

Defendant filed its Answer (#15) on November 27, 2013. Defendant admitted that Plaintiff had worked for and been discharged from its car dealership. However, Defendant denied that it ever discriminated against Plaintiff. Defendant further denied that Plaintiff was terminated based on his race, disability, or for any other discriminatory purpose.

On January 8, 2014, Defendant and Plaintiff participated in a telephonic scheduling conference. At the conference, Magistrate Judge David G. Bernthal ordered that discovery be completed by March 31, 2014. On February 6, 2014, Defendant served various forms of discovery on Plaintiff. The forms included a request for admissions wherein Defendant requested that Plaintiff admit to the following facts:

1. Plaintiff drove vehicles owned by Defendant or customers of Defendant in such a manner that caused the squealing of the vehicle's tires.

2. While Plaintiff was employed by Defendant, Scott Davis spoke with him about squealing tires while driving vehicles owned by others.

3. Scott Davis spoke with Plaintiff about being disrespectful to managers.

4. Scott Davis spoke with Plaintiff about having a bad attitude at work.

5. While employed by Defendant, Plaintiff was promoted from the position of detail technician to detail supervisor and received an increase in pay.

6. On or about July 20, 2012, Plaintiff attempted to prevent Scott Davis from leaving his office to attend another meeting by blocking the door to the office.

7. On or about July 20, 2012, Plaintiff insisted Scott Davis talk with him instead of attending a previously scheduled managers' meeting.

8. On July 23, 2012, Plaintiff was informed that he was being terminated due to insubordination.

As of the date of this opinion, Plaintiff has not answered any of Defendant's discovery requests, including the request for admissions.

On April 21, 2014, Defendant filed a Motion for Summary Judgment (#22). Plaintiff's response to Defendant's motion was due on May 15, 2014. As of the time of this opinion, Plaintiff has yet to file a response.

ANALYSIS

A.  Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772 (7th Cir. 2012). However, a court's favor toward the nonmoving party does not extend to drawing inferences supported by only speculation or conjecture. *Harper v. C.R. England, Inc.*, 687 F.3d 297, 306 (7th Cir. 2012). To show that there is a "genuine" issue and therefore successfully oppose a motion for summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 951 (7th Cir. 2013), *quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party must present "definite, competent evidence to rebut the motion."

3

*Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002), *quoting EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000).

B.  Defendant's Motion for Summary Judgment

Defendant filed its Motion for Summary Judgment (#22) on April 21, 2014. In the motion, Defendant argues that Plaintiff has "taken no initiative whatsoever in prosecuting this action, aside from filing his initial complaint." Further, Defendant claims that because Plaintiff failed to answer its request for admissions, the facts contained therein are deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3). Based on those facts, and all others on record, Defendant claims that it is entitled to summary judgment.

On February 6, 2014, Defendant served a request for admissions on Plaintiff. The request included the following facts: Plaintiff drove vehicles owned by Defendant and customers of Defendant in a manner that caused the squealing of the vehicle's tires; Plaintiff's supervisor, Scott Davis, spoke with Plaintiff about the squealing tires, being disrespectful to managers, and having a bad attitude at work; Plaintiff attempted to prevent Davis from leaving his office to attend another meeting by blocking the door; Plaintiff insisted that Davis talk with him instead of attending a previously scheduled managers' meeting; and approximately three days after Plaintiff blocked Davis' door and insisted he talk with him instead of going to the meeting, Plaintiff was informed that he was being terminated due to insubordination.

Federal Rule of Civil Procedure 36(a)(3) allows a plaintiff 30 days to respond to a request for admissions. Here, Plaintiff failed to respond to Defendant's request for admissions within 30 days, and has yet to respond as of the date of this opinion. Rule 36(a)(3) states that a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed

4

by the party or its attorney." Here, because Plaintiff did not respond to Defendant's request for admissions within 30 days, as outlined by Rule 36(a)(3), this court must conclude that the above facts were admitted by Plaintiff and are not in dispute.

The only facts that appear to be in dispute are found in Plaintiff's Complaint (#1) where he alleges that Scott Davis called him an alcoholic, used the term "washboy" to describe him, and told other employees that he did not like Plaintiff. However, even if this court were to assume that these facts are true, in order to warrant a denial of Defendant's Motion for Summary Judgment, the facts would have to be material. Fed. R. Civ. P. 56(a). A fact is material if it has the potential of determining the outcome of the litigation. *Patco Const. Co., Inc. v. People's United Bank*, 684 F.3d 197, 207 (1st Cir. 2012).

After a review of Plaintiff's alleged facts as well as the undisputed facts presented in Defendant's request for admissions, this court concludes that the three facts presented by Plaintiff are not material. First, this court notes that the facts alone do not present direct evidence of race discrimination on the part of Defendant. Because of this, Plaintiff can only succeed on his discrimination claim by using the *McDonnell Douglas* indirect method of proof. See *Lee v. Chicago School Reform Bd. Of Trustees*, 43 Fed.Appx. 979, 981 (7th Cir. 2002). That method requires that: (1) Plaintiff establish a prima facie case of discrimination; (2) Defendant articulate a legitimate, non-discriminatory reason for its employment action; and (3) Plaintiff demonstrate that the employer's proffered reason is a pretext for discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).

Assuming that Plaintiff can establish a prima facie case of discrimination, this court finds that the undisputed facts show that Defendant had a legitimate reason to terminate Plaintiff and that Defendant's reason was not a pretext for discrimination. As noted above, by failing to respond to Defendant's request for admissions, Plaintiff has admitted that Defendant terminated him based on insubordination. This is a legitimate, nondiscriminatory reason to terminate someone. See *Burton v. Arkansas Secretary of State*, 737 F.3d 1219, 1230 (8th Cir. 2013) (insubordination is a legitimate reason for termination). Further, the undisputed facts, which include Plaintiff's multiple run-ins with his supervisor, Scott Davis, support valid reasons for a finding of insubordination by Defendant. Even when taking all of Plaintiff's facts as true, there is not enough evidence to support a finding that Defendant's stated reason for termination was a pretext for discrimination. Therefore, this court concludes that there are no facts in dispute which would allow Plaintiff to show that the reason given for his termination was in fact a pretext for discrimination. As such, Plaintiff cannot succeed on his claim and Defendant is entitled to judgment as a matter of law.

This court notes that by failing to respond to Defendant's Motion for Summary Judgment, Plaintiff has not only failed to establish that the record contains disputed material facts, but he has also failed to present any "definite, competent evidence to rebut the motion." See *Vukadinovich* 278 F.3d at 699. Because of this failure, and because the undisputed facts in the record clearly establish that Defendant fired Plaintiff for a legitimate reason, this court concludes that Defendant's Motion for Summary Judgment (#22) should be GRANTED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Summary Judgment (#22) is GRANTED.

(2) Judgment is entered for Defendant and against Plaintiff.

(3) This case is terminated.

ENTERED this 30th day of May, 2014.

                                s/ COLIN S. BRUCE
                                U.S. DISTRICT JUDGE